UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MYCHAEL POWELL,

                Plaintiff,                         **MEMORANDUM & ORDER**
                                                                           15-CV-2554 (MKB)
        v.

DELTA AIRLINES,

                Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On April 10, 2015, Plaintiff Mychael Powell, proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York against Defendant Delta Airlines, his former employer.[1] (Compl., Docket Entry No. 2.) By Transfer Order dated May 4, 2015, the action was transferred to this Court. (Transfer Order, Docket Entry No. 4.) Plaintiff alleges that he was wrongfully discharged by Defendant and asserts claims of discrimination on the basis of age and race under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL"). (Compl. 2, 7.[2]) Plaintiff seeks damages in the amount of $120,000 for lost wages, bonuses, and benefits and "additional compensation for infliction of emotional distress" and legal fees. (*Id.* at 8.) Plaintiff also seeks reinstatement. (*Id.*) For the reasons set forth below, the Court finds that Plaintiff has sufficiently alleged a claim of discrimination on the basis of age under the NYSHRL but has failed to allege discrimination on

---

[1] By Order dated April 22, 2015, the United States District Court for the Southern District of New York granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docket Entry No. 3.)

[2] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

the basis of race under the NYSHRL. Plaintiff's claim of discrimination on the basis of race is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order asserting race discrimination claims under the NYSHRL or claims of discrimination under federal law.

**I.  Background**

Plaintiff is an African-American male born on January 6, 1959.[3] (Compl. 4.) Plaintiff alleges that in 2006, he was hired by Defendant to work as an Airport Customer Service Representative at JFK International Airport ("JFK"). (*Id.*) While he was employed by Defendant, Plaintiff was the only African-American male "working in his area on his shift (the morning shift) out of over three hundred employees." (*Id.* at 4–5.)

Plaintiff alleges that Defendant has a program in place pursuant to which employees are "offered an incentive package to retire" upon turning fifty-five years old. (*Id.* at 4.) In "early 2012," at which time Plaintiff had recently turned fifty-three, Aida Carrasquillo, Plaintiff's supervisor, asked Plaintiff "what his intentions were" with respect to the retirement incentive package and whether he was planning to retire when he turned fifty-five. (*Id.* at 5.) In response, Plaintiff "indicated his desire to continue working and that he would not be retiring." (*Id.*)

Plaintiff alleges that he performed his job in a satisfactory manner throughout the course of his employment with Defendant and that he "had no performance issues with Delta" prior to turning fifty-five. (*Id.* at 4.) After Plaintiff advised Carrasquillo that he was not planning to retire at age fifty-five, however, Plaintiff was "subjected to a hostile work environment" and "adverse actions . . . designed to discriminate against [Plaintiff] due to his age" and either "push

---

[3]  The facts alleged in the Complaint are assumed to be true for the purposes of this Memorandum and Order.

2

him" to retire or "justify his termination." (*Id.* at 5.) Plaintiff further alleges that from August of 2012 to October of 2013, he was treated with "general hostility," which he had not been subjected to prior to his conversation with Carrasquillo, and Defendant began "over-scrutiniz[ing] and criticiz[ing]" Plaintiff's job performance. (*Id.*)

Specifically, Plaintiff alleges that on August 26, 2012, he received a verbal warning regarding flight delays that had been caused by computer and gate issues over which Plaintiff had no control. (*Id.*) Thereafter, on October 29, 2013, Plaintiff received a "Corrective Action Notice" regarding two alleged incidents, both of which were fabricated. First, the notice falsely alleged that on August 4, 2013, Plaintiff was "[un]aware of a flight and radio communication." (*Id.*) Second, the notice falsely alleged that, "as a member of [Defendant's] Red Coat customer service program," Plaintiff had violated protocol "related to a stolen / missing pouch." (*Id.*) The second alleged violation was reported by Carrasquillo and resulted in Plaintiff being "stripped of his Red Coat program duties." (*Id.*)

Plaintiff also received a "Final Corrective Action Notice" from Performance Leader Ulysses Duenas that falsely alleged that Plaintiff had "committed a safety violation" in the course of meeting an aircraft upon its arrival at JFK on January 20, 2014.[4] (*Id.*) Duenas alleged that, in "providing a jet-bridge to the incoming flight," Plaintiff violated safety protocol by positioning the jet-bridge less than six inches from the plane, which was too close. (*Id.* at 5–6.) The "Final Corrective Action Notice" also indicated that on February 12, 2014, Duenas reprimanded Plaintiff because Plaintiff's Port Authority identification card ("Port Authority ID")

---

[4] The Complaint is unclear as to when Plaintiff received the "Final Corrective Action Notice." While the Complaint alleges that Plaintiff received the notice on February 13, 2013, this appears to be a typographical error as the notice is alleged to have reported incidents that occurred after this date, on January 20, 2014 and February 12, 2014. (Compl. 5–6.)

3

had expired as of that date. (*Id.* at 6.) Plaintiff alleges that he had, however, attempted to resolve the issue with his Port Authority ID on February 11, 2014 — the day before its expiration — but the Delta Security Office was unable to assist Plaintiff due to a "delay in processing" and directed Plaintiff to follow up the next day. (*Id.*) Plaintiff was therefore not at fault for reporting to work with an expired Port Authority ID on February 12, 2014. (*Id.*) Plaintiff was nonetheless disciplined for this alleged infraction as part of Defendant's "effort to paper trail [Plaintiff's] discriminatory termination." (*Id.*)

Plaintiff also alleges that, although he was entitled to annual salary increases under his employment contract with Defendant, he did not receive his annual salary increase when it came due on March 6, 2013. (*Id.*) Plaintiff did not receive his salary increase until March 27, 2014, after Plaintiff twice contacted Defendant's Payroll Department and spoke with Carrasquillo regarding his salary increase. (*Id.*) In each of the years prior to March 6, 2013, Plaintiff had received his annual salary increase without delay. (*Id.*)

Finally, Plaintiff alleges that on May 20, 2014, he was tasked with meeting a flight arriving from Ireland. (*Id.*) Plaintiff had no previous experience with meeting flights arriving from Ireland, and Defendant never trained Plaintiff on the protocol for meeting such flights as opposed to flights arriving from other international points of origin. (*Id.*) Plaintiff was also never advised that he was required to follow a different protocol when meeting flights arriving from Ireland. (*Id.*) As a result, when the plane arrived Plaintiff directed disembarking passengers to customs in accordance with the generally-applicable protocol for meeting international flights. (*Id.*) Plaintiff then received a radio communication from Performance Leader Suzette Desivignes advising him that passengers arriving from Ireland are "pre-cleared" and are therefore not required to go through customs. (*Id.*) As a result, Plaintiff ran to the

4

customs area and advised the passengers that they were not required to proceed through customs. (*Id.*) At the end of his shift, Plaintiff was called to a meeting with Desivignes and HUB Manager June Reid-Blair wherein Plaintiff was informed that six of the passengers had gone through customs as a result of Plaintiff's error. (*Id.* at 7.) Although Plaintiff explained that he had not been trained or informed about the protocol for meeting flights arriving from Ireland, Reid-Blair responded that Plaintiff "should have known." (*Id.*) Desivignes and Reid-Blair then told Plaintiff that he was suspended and would be terminated. (*Id.*) Plaintiff was then escorted from the building. (*Id.*)

Plaintiff does not allege that he filed a charge with the New York State Division of Human Rights, the New York City Commission on Human Rights, or the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not attached a right-to-sue letter from any agency to the Complaint.

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it . . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). A plaintiff seeking to bring a lawsuit in federal court bears the burden of establishing subject matter jurisdiction, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in

the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Morrison*, 547 F.3d at 170.

### ii. Rule 12(b)(6)

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (setting forth same standard); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Analyzing whether a plaintiff has sufficiently alleged an employment discrimination claim requires reference not only to the pleading standard discussed above, but also to the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of New York*, 795 F.3d 297, 307–08 (2d Cir. 2015) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)) (discussing burden-shifting); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)). Under that framework, a plaintiff must first establish a *prima facie* case of discrimination. *Hicks*, 509 U.S. at 506; *see also Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 11 (2d Cir. 2013); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *Hicks*, 509 U.S. at 506). If a plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307, 311). If the defendant-employer articulates a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was pretext. *Id.* at 83.

At the pleadings stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas prima facie* case, but the facts alleged must give "plausible support to the reduced requirements" of the *prima facie* case. *Littlejohn*, 795 F.3d at 311; *see Dawson v. N.Y.C. Transit Auth.*, --- F. App'x ---, ---, 2015 WL 5438790, at *1–2 (2d Cir. Sept. 16, 2015); *Vega*, 801 F.3d at 84; *Williams v. N.Y.C. Hous. Auth.*,

7

458 F.3d 67, 71 (2d Cir. 2006) ("[T]he requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." (second alteration in original) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002))). Thus, a plaintiff need only plead facts sufficient to give "plausible support" to plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312).

    b. **Subject matter jurisdiction**

        i. **Federal question jurisdiction**

Plaintiff contends that subject matter jurisdiction before this Court is proper on the basis of federal question jurisdiction. (Compl. 2.) Specifically, Plaintiff contends that this action presents a question of federal law involving an "unlawful discriminatory practice relating to employment because of age, race / color in violation of New York Exec. Law, Art. 15 (Human Rights Law)." (*Id.*; *see also id.* at 7.) Federal question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). As Plaintiff only appears to assert claims under New York State law, the Complaint fails to establish federal question jurisdiction.

To the extent Plaintiff intended to assert claims under federal laws such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), Plaintiff is granted thirty (30) days' leave to file an amended complaint asserting such claims.[5]

---

    [5] Title VII provides for a federal cause of action where an employer is alleged to have discriminated against an employee with respect to the terms, conditions, or privileges of

8

### ii. Diversity jurisdiction

In the absence of federal question jurisdiction, the other conceivable ground for subject matter jurisdiction is diversity of citizenship and, in light of Plaintiff's *pro se* status, the Court considers whether jurisdiction is proper on this basis. Diversity jurisdiction gives federal district courts jurisdiction over suits in which the plaintiff and defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (noting diversity jurisdiction exists "between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state'" (quoting 28 U.S.C. § 1332(a))).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."

---

employment, on the basis of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

In order to pursue a claim in federal court for employment discrimination under Title VII or the ADEA, a plaintiff must first file a timely charge of discrimination with the EEOC or a state or local agency charged with investigating claims of discrimination in employment such as the New York State Division of Human Rights or the New York City Commission on Human Rights. *See* 42 U.S.C. § 2000e–5(e)(1) (establishing time limitations to file charge alleging discrimination in violation of Title VII and providing that limitation period is 180 days if charge is filed directly with EEOC and 300 days if charge is filed first with a state or local agency); 29 U.S.C. §§ 626(d), 633(b) (establishing similar time limitations for filing charge alleging discrimination in violation of ADEA); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an 'essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court."). If Plaintiff elects to file an amended complaint asserting claims under Title VII or the ADEA, he is directed to set forth allegations regarding the dates and substance of charges of discrimination filed with the EEOC, the New York State Division of Human Rights or the New York City Commission on Human Rights. Plaintiff should also attach any notices advising him of his right to sue from any agency in connection with such charges.

*Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The Complaint alleges that Plaintiff is a citizen of New York. (Compl. 1, 8.) The Complaint lists two addresses for Defendant, the first of which is in New York and the second of which is a post office box in Savannah, Georgia. (*Id.* at 1.) The Complaint does not set forth any allegations as to the state in which Defendant was incorporated or the location of Defendant's principal place of business. Relying on publicly available information and pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice that Delta Air Lines, Inc. is incorporated under the laws of the State of Delaware and maintains its principal place of business in Atlanta, Georgia. *See* Delta Air Lines, Inc., Annual Report (Form 10-K) (Feb. 11, 2015); *see also Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 F. App'x 474, 475–76 (2d Cir. 2006) (finding that district court was entitled to take judicial notice of disclosure in public filing with Securities and Exchange Commission ("SEC") regarding loan agreement at issue in breach of contract case); *Ligotti v. Provident Life & Cas. Ins. Co.*, 857 F. Supp. 2d 307, 315 n.4 (W.D.N.Y. 2011) (taking judicial notice of defendant's state of incorporation as reported in its form 10-K filed with SEC); *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 421 n.7 (S.D.N.Y. 2009) (taking judicial notice of the locations of various companies' principal places of business as reported in SEC filings). Plaintiff and Defendant are therefore citizens of different states. Plaintiff asserts damages totaling $120,000, in excess of the jurisdictional amount of $75,000. (Compl. 8.) The requirements for diversity jurisdiction are therefore satisfied.

### c. NYSHRL claims

The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice [f]or an employer" to discharge an individual or "discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of age, race or color. N.Y. Exec. Law § 296(1)(a). Plaintiff alleges that Defendant violated the NYSHRL by discriminating against him on the basis of his age and race. (Compl. 2, 7.)

#### i. Discrimination on the basis of age

Claims of age-based discrimination under the NYSHRL are analyzed under the same standard as discrimination claims brought under the ADEA. *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 71 n.2 (2d Cir. 2004) ("Since the [NYSHRL] mirrors the requirements of the ADEA, violation of one necessarily implies violation of the other."); *Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist.*, 796 N.Y.S.2d 690, 692 (App. Div. 2005) ("The elements of an age discrimination claim under the New York State Human Rights Law and the ADEA are essentially the same and courts apply the same standards for analyzing age discrimination claims under both statutes."). Discrimination claims under both the NYSHRL and the ADEA are subject to the three-stage *McDonnell Douglas* burden-shifting framework. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* framework to ADEA age discrimination claim).

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must demonstrate: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 107. To state a claim pursuant to the ADEA a plaintiff must allege that age was the "but for" cause of the employer's

adverse action, and not merely that it was a motivating factor.[6] *See Vega*, 801 F.3d at 86 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)) (noting that a plaintiff alleging age discrimination must allege that age was the but-for cause of the adverse action). While a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss, the standard provides a framework for analyzing whether the plaintiff's claims for relief are plausible. *Dechberry v. N.Y.C. Fire Dep't*, No. 14-CV-2130, 2015 WL 4878460, at *16 (E.D.N.Y. Aug. 14, 2015). At the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against her, and (2) his age "was the 'but-for' cause of the employer's adverse action." *See Vega*, 801

---

[6] Whether the "but for" standard applies to NYSHRL discrimination claims remains unresolved in New York state courts. *See DeKenipp v. State*, 949 N.Y.S.2d 279, 282 (App. Div. 2012) ("This Court has not yet determined whether this recent and more stringent federal standard applies to the analysis of age discrimination under the Human Rights Law and we decline to reach that issue here . . . ." (internal citations omitted)). *But see Anderson v. Young & Rubicam*, 890 N.Y.S.2d 45, 46 (App. Div. 2009) (noting that "case law endorses the 'but for' language," citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), and finding that "[t]he requested mixed motive charge was unwarranted"). The Second Circuit has "assumed, without deciding, that the ADEA's 'but for' standard of causation also applies to age discrimination claims brought under the NYSHRL," noting that "New York courts have yet to rule definitively on this issue." *Mikinberg v. Bemis Co.*, 555 F. App'x 34, 35 (2d Cir. 2014) (citing *DeKenipp*, 49 N.Y.S.2d at 281–82); *see Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 n.6 (2d Cir. 2010) ("The law governing ADEA claims has been held to be identical to that governing claims made under the NY[S]HRL. Accordingly, we assume, without deciding, that the Supreme Court's *Gross* decision affects the scope of the NY[S]HRL law as well as the ADEA." (internal citations omitted)). This Court continues to follow the Second Circuit and courts in this Circuit, and applies the "but for" standard to Plaintiff's NYSHRL age discrimination claims. *See Ehrbar v. Forest Hills Hosp.*, No. 13-CV-1761, 2015 WL 5568830, at *26 n.18 (E.D.N.Y. Sept. 22, 2015); *see also, e.g., Allen v. Chanel, Inc.*, No. 12-CV-6758, 2015 WL 3938096, at *4 (S.D.N.Y. June 26, 2015) ("With regard to ADEA and NYSHRL claims, 'the plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action.'" (quoting *Gross*, 557 U.S. at 177)); *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 321 (E.D.N.Y. 2014) ("[T]he Second Circuit assumed without deciding in *Gorzynski* that *Gross*'s 'but-for' causation standard applied to the NYHRL also. This Court adopts the same assumption." (internal citations omitted)); *Glenwright v. Xerox Corp.*, 832 F. Supp. 2d 268, 279 (W.D.N.Y. 2011) (applying *Gross*'s "but for" standard to NYSHRL age discrimination claim); *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 574 (S.D.N.Y. 2010) (same).

F.3d at 86; *see also Ingrassia v. Health & Hosp. Corp.*, No. 14-CV-1900, 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015) ("*Vega* . . . require[s] a plaintiff alleging an ADEA violation to plausibly allege that the employer took adverse action against her and that age was the 'but for' cause in the employment decision.").

### 1. Protected group

The Complaint alleges Plaintiff was born on January 6, 1959 and that he was subjected to discriminatory conduct during the period from early 2012, at which time Plaintiff was fifty-three years old, until his termination on May 20, 2014, at which time Plaintiff was fifty-five. (Compl. 4–7.) Under the NYSHRL, individuals who are eighteen years of age or older are protected against age-based employment discrimination. *See* N.Y. Exec. Law § 296(3-a)(a) (providing that an employer may not "terminate from employment an individual eighteen years of age or older, or . . . discriminate against such individual in promotion, compensation or in terms, conditions, or privileges of employment, because of such individual's age"); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 n.3 (2d Cir. 2001) (noting that "the employment provisions of the [NYSHRL] apply to all employees over the age of eighteen"). Plaintiff therefore sufficiently alleges that he was a member of the age group protected under the NYSHRL at the time of the alleged discrimination.

### 2. Adverse employment action

Plaintiff alleges that he was placed on suspension and then terminated by Defendant. (Compl. 7.) Termination constitutes an adverse employment action under the NYSHRL. *See* N.Y. Exec. Law § 296(3-a)(a); *see also Summa v. Hofstra Univ.*, 708 F.3d 115, 125–26 (2d Cir. 2013) (finding plaintiff's termination constituted adverse employment action for purposes of retaliation claim under, *inter alia*, NYSHRL). Plaintiff therefore sufficiently alleges an adverse

employment action.

### 3. Inference of discrimination

Plaintiff alleges that from 2006 to early 2012, he performed his job in a satisfactory manner and "had no performance issues." (Compl. 4–5.) Plaintiff further alleges that, shortly after his fifty-third birthday, he informed Carrasquillo that he was not planning to accept an incentive package and retire when he turned fifty-five. (*Id.* at 4–5.) Thereafter, over a period of approximately two-and-a-half-years, Defendant created a series of unfounded reports of alleged deficiencies in Plaintiff's performance and Defendant then terminated Plaintiff. (*Id.* at 5–7.)

"Circumstances contributing to an inference of age-based employment discrimination may include: . . . a sequence of events leading to an employee's termination; or the timing of the termination." *Miller v. Nat'l Ass'n of Sec. Dealers, Inc.*, 703 F. Supp. 2d 230, 245 (E.D.N.Y. 2010). Here, the facts alleged in the Complaint are sufficient to give rise to a plausible inference of age-based discrimination. *See Fern v. Int'l Bus. Machines Corp.*, 612 N.Y.S.2d 492, 493–94 (App. Div. 1994) (holding allegations were sufficient to state a claim of discrimination on the basis of age under NYSHRL where plaintiff alleged that defendant-employer had a policy of attempting to induce older workers to retire early, that plaintiff was told he "had better take advantage of the next retirement incentive offer that comes along," and that plaintiff was discharged after refusing to retire voluntarily); *see also Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 215 (E.D.N.Y. 2014) (holding that facts alleged in complaint were sufficient to state discrimination claim under ADEA where teacher alleged that principal and assistant principal gave her unwarranted negative ratings in an attempt to remove her from the school and that younger teachers were not subjected to the same negative treatment); *Miller*, 703 F. Supp. 2d at 245 (finding circumstances surrounding plaintiff's termination gave rise to inference of age

discrimination where plaintiff was the second-oldest member of his department and plaintiff alleged that he was saddled with more demanding and time-intensive tasks than similarly situated younger employees and that he was evaluated more stringently and received harsher treatment than younger employees).

Plaintiff has therefore plausibly alleged that his age was the but-for cause of his termination and has stated a claim of age discrimination under the NYSHRL.

### ii. Discrimination on the basis of race

Claims of discrimination on the basis of race under the NYSHRL are analyzed based on the same standard as claims under Title VII. *Vargas v. Morgan Stanley*, 438 F. App'x 7, 9 (2d Cir. 2011) (analyzing Title VII and NYSHRL discrimination claims under the same standard); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 & n.3 (2004) (commenting that Title VII and the NYSHRL have the same standard for recovery and similar statutory language, and are therefore analyzed according to the same standards).

A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 86–87. In other words, "absent direct evidence of discrimination," to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that *would support a finding* that she suffered an adverse employment action and "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311; *Dechberry*, 2015 WL 4878460 at *14.

### 1. Protected group

The Complaint states that Plaintiff is African-American and therefore sufficiently alleges that he is the member of a protected group for purposes of his claim of discrimination on the basis of race. *See* N.Y. Exec. Law § 296(1)(a) (prohibiting employment discrimination on the basis of race).

### 2. Adverse employment action

As discussed above, Plaintiff's termination constitutes an adverse employment action under the NYSHRL.

### 3. Inference of discrimination

Plaintiff fails to allege any facts that support a plausible inference of discrimination on the basis of race. *See Vega*, 801 F.3d at 87. Plaintiff alleges that he was the only African-American male "working in his area on his shift (the morning shift) out of over three hundred employees." (Compl. 4–5.) Plaintiff makes no further allegations about his race.

Whether facts give rise to a plausible inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'" *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir.1996)); *see also Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at *6 (E.D.N.Y. July 30, 2013) (setting forth same standard and discussing circumstances from which an inference of discrimination can be drawn). "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's

discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).

The sole allegation in the Complaint — that Plaintiff was the only African-American male "working in his area on his shift" out of over three hundred employees — is not sufficient to allege discrimination on the basis of race. *See Khaleel v. Swissport USA, Inc.*, No. 15-CV-4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) (dismissing discrimination claim pursuant to Title VII because "[e]ven under the most liberal interpretation of [plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status"); *Haynes v. Capital One Bank*, No. 14-CV-6551, 2015 WL 2213726, at *2 (E.D.N.Y. May 8, 2015) (dismissing plaintiff's discrimination claim pursuant to Title VII because, aside from alleging single "ambiguous remark made by [plaintiff's] branch manager, in which [the manager] stated that 'this is why I don't hire her kind,'" plaintiff failed to allege "facts that suggest her termination or any other adverse employment actions were connected to her race"); *Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926*, No. 12-CV-2387, 2014 WL 5783045, at *3 (E.D.N.Y. Nov. 6, 2014) (dismissing Title VII discrimination claim because plaintiff alleged no facts suggesting she was denied promotion for reasons relating to her race); *Cabey v. Atria Senior Living*, No. 13-CV-3612, 2014 WL 794279, at *2 (E.D.N.Y. Feb. 26, 2014) (dismissing Title VII discrimination claim where, although complaint described various disagreements between plaintiff and his co-workers, none of the disagreements were alleged to have concerned plaintiff's protected status).

Plaintiff's race discrimination claim under the NYSHRL is therefore dismissed without prejudice. Should Plaintiff wish to pursue this claim, he is directed to file an amended complaint that sets forth facts sufficient to support a plausible inference that his race was a motivating

factor in Defendant's decision to terminate him.

## III. Conclusion

For the foregoing reasons, Plaintiff has sufficiently alleged a claim of discrimination on the basis of age under the NYSHRL but has failed to allege discrimination on the basis of race under the NYSHRL. Plaintiff's claim of discrimination on the basis of race is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order asserting claims of discrimination on the basis of race under the NYSHRL or claims of discrimination under federal law.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 6, 2015
       Brooklyn, New York